UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**INGEBORG KRIEGER,**

    **Plaintiff,**

vs.                                                        Case No. 8:10-CV-2093-T-27MAP

**TOWN OF LONGBOAT KEY,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE is before the Court on Defendant's motion to dismiss (Dkt. 6). Plaintiff has responded in opposition (Dkt. 7). Upon consideration, the motion is GRANTED.

### Background

This is the latest installment in a long-running dispute between Krieger and the Town of Longboat Key over certain property which the parties refer to as "the Beach." This action began in state court, where Krieger filed a *pro se* complaint seeking a declaratory judgment as to the parties' rights and obligations under Fla. Stat. § 95.361. She also included a claim for injunctive relief, a claim to quiet title to the Beach, and an inverse condemnation claim. Nearly two years later, Krieger, still proceeding *pro se*, filed a "Complaint" in this Court. Her pleading, however, purported to effect removal of her state court action.

Now in federal court, Krieger has dropped her claim for inverse condemnation and her claim to quiet title to the Beach. She is proceeding only on claims for declaratory and injunctive relief. Specifically, Krieger seeks a declaration that: (1) the Town's dedication of the Beach is invalid, (2) she maintains riparian rights in the Beach, (3) the Town and public are enjoined from accessing the

1

Beach, and (4) the Town is enjoined from asserting the rights of an adverse party "thus quieting title against any and all claims by the Town or Public for the 'Beach.'" (Compl., p. 17-18). In addition, Krieger seeks an order enjoining the Town from exercising any right to possession of the Beach. She also requests compensation for her loss of use of the Beach. The Town moved to dismiss this action for lack of federal subject matter jurisdiction and failure to state a claim on which relief can be granted.

## Standard

"Federal courts are courts of limited jurisdiction." *United States v. Rojas*, 429 F.3d 1317, 1320 (11th Cir. 2005). Accordingly, the Federal Rules of Civil Procedure require a complaint to include "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). A complaint need not include "detailed factual allegations." *Id.* However, to survive a motion to dismiss under Rule 12(b)(6), the pleading must allege sufficient facts to "state a claim to relief that is plausible on its face." *Id.* at 570.

## Discussion

The Town argues that Krieger has not properly alleged the existence of federal subject matter jurisdiction. Krieger appears to rely on federal question jurisdiction, as she alleges violations of "her 14th Amendment Rights to Property and Procedural Due Process," which are enforceable through 42 U.S.C. § 1983. (Compl. ¶ 3). While not a model of clarity, the factual predicate of Krieger's constitutional claims appears to be twofold. The first set of facts involves the procedural rules

applied by the state court. The second relates to the Town's dedication of the Beach property.

The face of Krieger's complaint shows no violation of her right to due process in the state court proceeding. Krieger contends that the Town filed "defensive motions," rather than a responsive pleading, and therefore, the court denied her motion for default judgment. (Compl. ¶¶ 3-4). This is consistent with the Rules of Civil Procedure applicable in both Florida and Federal courts, which are "designed to further the due process of law that the Constitution guarantees." *See Nelson v. Adams USA, Inc.*, 529 U.S. 460, 465 (2000). Further, Krieger's dissatisfaction with the state court's procedural rules affords no basis for the exercise of federal jurisdiction over state law claims. For federal jurisdiction to exist, a federal question must be present in Krieger's claims, themselves. *See* 28 U.S.C. § 1331; *cf. Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 8-9 (1983) (an action "arises under" federal law where federal law creates the cause of action).

Krieger also appears to allege that the Town's dedication of the Beach infringed her constitutional rights. However, the rambling supporting allegations leave this claim undefined and unclear. In this regard, Krieger's complaint is inconsistent with Rule 8's requirement to provide a "short and plain statement of the grounds for the court's jurisdiction" and a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). *Pro se* pleadings are construed liberally and will be held to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation omitted). Notwithstanding, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). The Town's motion is therefore due to be granted.

Moreover, based on the Court's reading of the complaint, federal subject matter jurisdiction appears to be lacking. Contrary to Krieger's argument, the complaint contains no allegations which would support diversity jurisdiction under 28 U.S.C. § 1332. Her federal claims, although not well-defined, appear to consist of a takings claim and a procedural due process claim.[1] *See* U.S. Const. amend. V ("[N]or shall private property be taken for public use, without just compensation.");[2] U.S. Const. amend. XIV ("[N]or shall any State deprive any person of . . . property, without due process of law . . . .").

It is well-settled that a federal takings claim does not become ripe until a plaintiff has been denied relief under the state law procedures available for obtaining just compensation. *See, e.g., Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194-95 (1985); *Boothe v. Manatee County, Fla.*, 812 F.2d 1372, 1373 (11th Cir. 1987); *Busse v. Lee County, Fla.*, 317 F. App'x 968, 971-72 (11th Cir. 2009). Likewise, a claim for deprivation of property without due process cannot be pursued unless the plaintiff has been denied an adequate post-deprivation remedy under state law. *See, e.g., Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Tinney v. Shores*, 77 F.3d 378, 382 (11th Cir.1996); *Busse*, 317 F. App'x at 972.

Krieger's state court action sought relief under many of the available state law remedies, including inverse condemnation, relief under Fla. Stat. § 95.361(4), and her action to quiet title. *See, e.g., Reahard v. Lee County*, 30 F.3d 1412, 1417 (11th Cir.1994) (inverse condemnation is available remedy under Florida law); *Burgess v. Holmes County Bd. of County Comm'rs*, No. 5:10cv81/

---

[1] It should be noted that Plaintiff's action appears to be based on the *dedication* of property to public use, not a taking or deprivation of property. *See Boothe v. Manatee County, Fla.*, 812 F.2d 1372, 1373 (11th Cir. 1987) ("Since this case involves a dedication, and not a taking, there is no merit in Boothe's argument that there has been a taking without just compensation. . . . Similarly, there has been no deprivation of property without due process because there was a dedication and not a taking or deprivation of property.").

[2] "The Takings Clause of the Fifth Amendment [is made] applicable to the states through the Fourteenth Amendment." *Palazzolo v. Rhode Island*, 533 U.S. 606, 617 (2001).

RS-EMT, 2010 WL 1850215, at *1 (N.D. Fla. May 7, 2010) (Fla. Stat. § 95.361(4) provides remedy to landowners who dispute public dedication). Krieger's complaint, on its face, shows that she has not yet been denied relief under the available state law remedies. It would therefore appear that Krieger's federal claims have not ripened and federal subject matter jurisdiction is lacking.

## Conclusion

Accordingly, Defendant's motion to dismiss (Dkt. 6) is GRANTED.

(1) The complaint (Dkt. 1) is DISMISSED without prejudice. Krieger is granted leave to file an amended complaint within 21 days.

(2) Given the apparent lack of federal subject matter jurisdiction, Krieger shall show cause in writing why this action should not be dismissed (or remanded) for lack of federal subject matter jurisdiction within 21 days.

(3) Failure to file a timely amended complaint or a timely response to the order to show cause will result in the dismissal of this action for lack of prosecution under Local Rule 3.10 without further notice.

**DONE AND ORDERED** this 28th day of December, 2010.

_____
JAMES D. WHITTEMORE
**United States District Judge**

Copies to:
Unrepresented parties
Counsel of Record

5